O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONALDO RODRIGUEZ,                    )   Case No. CV 04-6104 AN
                                      )
            Plaintiff,                )   MEMORANDUM AND ORDER
                                      )
      v.                              )
                                      )
JO ANNE B. BARNHART,                  )
COMMISSIONER OF THE SOCIAL            )
SECURITY ADMINISTRATION,              )
                                      )
            Defendant.                )
_____      )

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

In the JS, Plaintiff asserts that the Administrative Law Judge ("ALJ") erred in

1   finding that Plaintiff was capable of performing work as a stocking inspector, file clerk

2   and auto body repairer helper because each of these jobs require a reasoning level that

3   exceeds Plaintiff's ability to perform simple work.  The Commissioner disagrees.

4        At Plaintiff's administrative hearing, the ALJ asked the vocational expert ("VE")

5   whether there were any jobs that a person of Plaintiff's age, education, and work history,

6   with no exertional limitations, but limited to performing "simple work, reduced contact

7   with the public, and moderate stress" could perform.  [Administrative Record ("AR") at

8   372.]  The VE responded that a person with such limitations could perform the jobs of

9   stocking inspector, file clerk, and auto body repairer helper.  [AR at 372-73.]

10        Plaintiff argues that none of the jobs identified by the VE meet his limitations to

11   simple work[1] because all three jobs require General Educational Development ("GED")

12   reasoning levels of 2 or 3.  The jobs of stocking inspector and auto body repairer helper

13   both have a GED reasoning level of 2, while the file clerk job has a GED reasoning level

14   of 3.  *See* Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991)

15   ("DOT") 684.684-010 (stocking inspector), DOT 807.687-010 (auto body repairer

16   helper), DOT 206.387-034 (file clerk).   A job with a GED reasoning level of 2

17   necessitates that a worker "[a]pply commonsense understanding to carry out detailed but

18   uninvolved written or oral instructions" and "[d]eal with problems involving a few

19   concrete variables in or from standardized situations."  DOT, Appendix C, § III.  A job

20   with a GED reasoning level of 3 requires that a worker "[a]pply commonsense

21   understanding to carry out instructions furnished in written, oral, or diagrammatic form"

22   and "[d]eal with problems involving several concrete variables in or from standardized

23   situations."  *Id.*  Given the DOT's definitions of the GED reasoning levels, the ALJ's

24

25       [1] Plaintiff contends that the ALJ defined simple work to require "simple work

26   instructions."  [JS at 6 (citing AR at 372).] The ALJ, however, did not make such a finding.  While the ALJ inquired whether Plaintiff would be capable of returning to his

27   past relevant work if he were limited to following "simple work instructions," the ALJ did not include this limitation in Plaintiff's residual functional capacity assessment.  [AR

28   at 32-33, 372.]  Rather, the ALJ found that Plaintiff was limited to simple work with only moderate stress and reduced contact with the public.  [AR at 32-33.]

conclusion that Plaintiff is capable of performing the job of file clerk, which has a GED level of 3, appears to be incompatible with Plaintiff's limitation to simple work. *Id.*; *see, e.g., Hall-Grover v. Barnhart,* 2004 WL 1529283 (D.Me. April 30, 2004) (concluding that the job of "security monitor," to which the DOT assigned a GED reasoning level of 3, was inconsistent with a limitation to simple repetitive work). On the other hand, the ALJ's finding that Plaintiff is capable of performing the jobs of stocking inspector and auto body repairer helper, both of which have level 2 reasoning ratings, does not necessarily contradict the requirement that Plaintiff's work be simple. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)(the level 2 reasoning appears consistent with Plaintiff's RFC for simple, repetitive work)*; Meissl v. Barnhart*, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005)(same); *Cooper v. Barnhart,* 2004 WL 123146*,* at *3 (D.Me. May 24, 2004)(criticizing plaintiff's argument that a limitation to simple tasks is effectively a limitation to jobs at the GED reasoning 1 level); *cf. Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)(rejecting contention that a claimant limited to following only simple instructions could engage in the full range of sedentary work because many unskilled jobs in that category require reasoning levels of 2 or higher). While reasoning level 2 provides that the worker must be able to follow "detailed" instructions, it specifically states that "the instructions would be uninvolved -- that is, not a high level of reasoning." *Meissl*, 403 F.Supp.2d at 985; DOT, Appendix C, § III. Thus, the level 2 reasoning requirements of the auto body repairer job and stocking inspector job did not conflict with the ALJ's prescribed limitation of simple work. The ALJ's step five determination that Plaintiff is capable of performing other work is supported by substantial evidence.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 3

**III. CONCLUSION**

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record.  Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:      February 9, 2006          /s/ Arthur Nakazato
                                      ARTHUR NAKAZATO
                                      UNITED STATES MAGISTRATE JUDGE